UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

MAY 1 8 2021

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| AUDREY BRIDGES, AS GUARDIAN & ON BEHALF OF MINOR CHILD,<br><br>*Plaintiff,*<br><br>v.<br><br>KATHY ASHMORE, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, KLEIN INDEPENDENT SCHOOL DISTRICT, KLEIN ISD POLICE DEPARTMENT,<br><br>*Defendants.* | CASE NO. _____<br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff Audrey Bridges, on behalf of minor child, ("Bridges" or "Plaintiff") files this *Plaintiff's Original Petition and Jury Demand,* and brings causes of action against Kathy Ashmore ("Ashmore" or "Defendant"), Klein Independent School District ("Klein ISD"), and Klein Independent School District Police Department ("Klein ISD PD"), (collectively "Defendants"). In support of Plaintiff's causes of action would demonstrate as follows:

## INTRODUCTION

1.      Minor child is a special education student attending intermediate school in Klein ISD. There is an existing and concurrent individual education plan ("IEP") and an existing and concurrent behavior intervention plan ("BIP") in place for minor child. That document is attached to this petition as Exhibit A and is redacted to protect minor child. On and prior to April 1, 2021 Ashmore continuously failed to implement the IEP and BIP in place for minor child. As a result, minor child was wrongfully arrested on campus on April 5, 2021. Defendants not only allowed the

1

wrongful and false arrest, but also violated the minor child student's civil rights and protections under Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, Fourth and Fourteenth Amendment Rights and the Texas Education Agency's ("TEA") Procedural Safeguards by failing to provide the Harris County District Attorney's office with minor child's special education identification status and documentation as required.

2.      Due to the continued failures of Defendants, Plaintiff files this action. Plaintiff wishes this court to intervene and protect minor child and Plaintiff from any further retaliation and discrimination and the confidentiality of minor child.

<b><u>PARTIES</u></b>

3.      Defendant Kathy Ashmore is an individual licensed to teach in the state of Texas, and is being sued in her individual capacity. Ashmore teaches intermediate school in Klein ISD in Harris County, Texas. Ashmore can be served at her place of residence located at 23011 Northoak Forest Ln. in Spring, Texas 77389, or at her place of employment Doerre Intermediate located at 18218 Theiss Mail Rte Rd. in Spring, Texas 77379.

4.      Defendant Klein Independent School District is a school district authorized to provide special education services through the Texas Education Agency, Klein ISD can be served at their central offices at 7200 Spring Cypress Rd. in Spring, Texas 77379.

5.      Defendant Klein Independent School District Police Department is an agency formed by Klein ISD to practice law enforcement in Harris County, Texas. Klein ISD PD can be served at 7407 Louetta Rd. in Spring, Texas 77379.

6.      Plaintiff Audrey Bridges is an individual citizen, legal guardian of minor child, residing in Harris County, Texas whom can be served at her place of residence at 7423 Theisswood Road in Spring, Texas 77379, on behalf of minor child.

7.      Plaintiff reserves the right to add parties as the court sees fit.

## JURISDICTION AND VENUE

8.      Jurisdiction is proper in this court  under 42 USC §1983, 28 USC. §1331, and 20 USC §1400.

9.      Plaintiff seeks judgment for all relief to which Plaintiff is entitled.

10.     Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence arise.

11.     Plaintiff does not at this time seek any certain amount of damages for any of these elements of damage but would instead rely upon the collective wisdom of the court or jury to determine an amount that would fairly and reasonably compensate Plaintiff.

## FACTUAL BACKGROUND

12.     On March 27, 2019, minor child received their most recent full and individual evaluation ("FIE") and continued to meet the criteria for Emotional Disturbance ("ED") as primary disability, and Other Health Impairment for Attention Deficit Hyperactivity Disorder ("OHI:ADHD") as secondary disability. Student's next FIE is not due until March 26, 2022 according to the TEA.

13.     In March of 2020, minor child's family moved to Klein ISD seeking a better educational environment. Due to COVID and other delays, minor child did not begin attending classes at Klein ISD until the 2020-2021 school year. Minor child's family doubled debt to relocate and provide a better education for the student due to real estate value, property and school taxes.

14.     On October 13, 2020 Defendant Klein ISD held an Admission, Review, and Dismissal ("ARD") Committee Meeting and established minor child's Individualized Education Program ("IEP"), attached to this petition as exhibit A. Defendant Ashmore states that "[student] is capable of doing the work if [student] comes to class to work but there are days [student's] behavior gets

3

in the way and [student] will shut down or [student] becomes defiant and frustrated quickly."
Defendant Ashmore acknowledged IEP's existence and precautions set forth therein. IEP also
addressed three target behaviors; (1) Noncompliance, (2) Work avoidance and (3) Verbal
aggression. The accommodations listed are; clearly defined limits, implementation of behavior
intervention plan ("BIP"), frequent breaks, opportunity to help teacher, positive reinforcement,
private discussion about behavior, provide schedules – establish routine.

15.    IEP states that the student is subject to following the District's Student Code of Conduct
with modifications specified in the BIP. The BIP outlined again on page 9, specifies the following
accommodations for SS, which is the subject Defendant Ashmore teaches:

- Encouragement for classroom participation

- Feedback provided frequently

- Structured movement breaks

- If requested by student, opportunity to complete work for reduced credit

- Test: Small group administration

- Clearly defined limits

- Follow behavior intervention plan

- Frequent breaks

- Opportunity to help teacher

- Positive reinforcement towards the end of class

- Private discussion about behavior

- Provide schedule-establish routines

- Word processor

16.    BIP begins on page 22, states the General Education Teacher is staff responsible for implementing this plan. Defendant Ashmore is a general education teacher. Under Target Behavior 1: Non Compliance, BIP states the following Specific Strategy Steps which Defendant Ashmore failed to implement prior to and on April 1, 2021:

    a.  Completion of reinforcement inventory to determine [student's] preferred activities and tangibles. This will help to further define [student's] interests to utilize as rewards.

    b.  Use of individual reinforcement system.

    c.  State and walk away from the student to avoid power struggles. For example: work then break.

    d.  If the student is not able to reconnect with the class activity, [student] will be teacher directed and escorted to seek the school counselor/LSSP on campus/PASS, in order to provide a more seclusive area to calm and regroup.

    e.  Enable student to earn reward.

    f.  Private discussion of behavior.

    g.  Verbally praise (privately).

    h.  Staff should engage in a calm, directive manner. Refrain from yelling or using a loud tone.

    i.  Adults/peers are to NOT engage with [student] verbally, until able to verbalize to the adult when ready to engage.

    j.  Discussion with adults should occur when [student] is able to display a reduction in physical and emotional energy.

    k.  Loss of rewards on individual reinforcement system.

l.   Utilize a crisis response plan to deescalate the situation.

17.   BIP Target Behavior 2 addresses Physical and Verbal Aggression, Defendant Ashmore failed to implement the same Specific Strategy Steps listed in ¶ 14, herein.

18.   Prior to and on April 1, 2021, Defendant Ashmore caused student's behavior to escalate by (1) providing repeated and public redirection, (2) failing to utilize any of the accommodations listed in ¶ 14 specifically (a) encouragement for classroom participation, (b) structured movement break, (c) opportunity to complete work for reduced credit, (d) **follow behavior intervention plan,** (e) providing an opportunity for student to help teacher, (f) **private discussion about behavior;** (3) physically engaging and removing students hands from Chromebook not once but twice, and (4) failing to escort or provide escort to campus counselor/LSSP/PASS.

19.   Prior to this occurrence with Defendant Ashmore; she did not allow minor child to make up missing work, continuously and publicly redirected the student contrary to the child's BIP thus making a mockery of the student to other classmates and peers, in addition to other staff members. In one instance, an administrator reported, counselled and even disciplined minor child for failing to apply hand sanitizer to minor child's hand covered in a medically necessary and applied cast. After, and even before, the hand sanitizer incident, Plaintiff reached out to Defendants with several relationship approaches and suggestions to help build and repair the minor child's student-teacher relationship. Defendants disregarded these suggestions and alternatively continued to violate the accommodations and provisions in the students' IEP.

20.   Defendant Ashmore's statements of alleged behavior incidents vary from statement to statement and conflict with other staff's statements, as shown in Exhibit B, MDR and further detailed herein.

21.     Defendants failed to implement TEA Procedural Safeguards in <u>Notice of Procedural</u>

<u>Safeguards (esc18.net)</u> as required by the Individuals with Disabilities Act ("IDEA"), and 34 CFR

§300.535 which require that "If a school reports a crime committed by a child with a disability,

the school:

> a.  Must ensure that copies of the child's special education and disciplinary records are
>
>     transmitted for consideration by the authorities to whom the agency reports the
>
>     crime; and
>
> b.  May transmit copies of the child's special education and disciplinary records only
>
>     to the extent permitted by the Family Educational Rights and Privacy Act
>
>     ("FERPA").

22.     FERPA authorizes the release of such information. 20 U.S.C. 1232g(b)(1)(D) as (5)(i)"The

disclosure is to State and local officials or authorities to who this information is specifically – (A)

Allowed to be reported or disclosed pursuant to a State statue adopted before November 19, 1974,

*if the allowed reporting or disclosure concerns the juvenile justice system and the system's*

*ability to effectively serve the student whose records are released;".*

23.     On April 5, 2021 during the unlawful arrest based on hearsay and in violation of minor

child's Civil Rights, minor child's parent addressed these same concerns with Klein ISD PD officer

who called to inform her of the arrest. When Plaintiff arrived at Defendant Klein ISD PD office,

Plaintiff again expressed her concerns, consent and requirement of Defendants to identify minor

child as a special education student to the court and provide records.

24.     Thereafter, Plaintiff continued to express this concern to the Klein ISD administration at

the school level by informing Principal Land, Assistant Principal Holman and to all members of

the students ARD committee of their requirement under IDEA to provide such identification and

records.

25.      Continuing, Plaintiff advised Defendants at the central office level of such violation of the students' rights in person on Friday, April 23, 2021 and throughout a disciplinary appeal hearing on April 26, 2021 and April 28, 2021 by phone and even in writing.

26.      On April 13, 2021 while minor child was being treated at an inpatient facility, Klein ISD scheduled a manifestation determination review meeting ("MDR") with the members of the student's ARD committee. MDR report is attached to this petition as Exhibit B redacted to protect minor child. At the MDR meeting, it was determined that minor child's behavior was indeed a manifestation of the disabilities, and that the IEP was not upheld or followed. Administration for Defendant Klein ISD expressed their dismay during the MDR at the result of the hearing by continuing to disagree with the ARD committee that the students behavior was a manifestation and expressing their dismay of the parent and the LSSP's recommendations.

27.      Minor child has continued to suffer at the hands of Defendants, directly and emotionally by being withheld still from its designated education placement.

28.      The student maintained an extracurricular hobby of blacksmithing in his time outside of his attendance in public education. This hobby consisted of the student warping metal that had been supplied or found unclaimed, into objects and learning a trade. In February of 2021, a peer of the student hired him to create a knife from a wrench and paid him a nominal fee to do so when providing him with a blue print of what he was requesting. At the end of February of 2021 after days of work dedicated to the project, minor child proudly delivered the creation to the peer off campus as instructed by Plaintiff. The morning that minor child was falsely arrested on April 5, 2021, their peer had returned the creation to them, on campus. When minor child was arrested, they were in possession of said creation. Minor child expressed their lack of intent to possess the

8

item on campus, and lack of intent to use the item, continuously to Defendants. As a result of this, and minor child's refusal to identify the peer, Defendants have placed minor child at an alternative education center for 30 days despite Plaintiff's expressions of concerns of the negative impact peers who have committed SERIOUS crimes will have on minor child.

29.     IDEA requires any change of placement of a student with disabilities that exceeds 10 days be determined by the ARD committee. Defendant Klein ISD's own FOF(LEGAL) policy for disciplining special education students makes this same requirement. Regardless of Plaintiff's continued expressions of concern and Defendants' violations, Defendant Klein ISD has moved forward with that change of placement without consulting the ARD committee for the student.

30.     Minor child has attempted to make up work from the students excused absences and has been denied even access to do so.

31.     Minor child has remained in the PASS classroom since the date the student returned to campus on April 15, 2021, already an excess of 10 days. Not only has the student been removed from its educational placement but the student continues to be targeted by administration in a disciplinary manner.

32.     Prior to school on Friday, April 23, 2021, minor student was visiting with peers on a bench outside of the school. Another student located behind minor child, threw a lit firecracker under the bench in which minor child was sitting. Minor child could not identify the student who had lit the firework. Minor child in this action, was accused by other students of lighting said firework immediately and although minor child knew otherwise, minor child was upset not only due to the scare and loud noise but due to staff and peers pointing at minor child. Plaintiff investigated minor child's movements prior to school on that day and determined, after speaking with minor child, that it wasn't possible for minor child to have committed such an act in the short amount of time

allotted that morning. After administration had taken minor child's property and again failed to implement his IEP, BIP or any procedural safeguards; minor child fled from campus in fear of continued retaliation by Defendants. An excess of 30 minutes passed from the time minor child arrived at their home after leaving the campus until administration called Plaintiff to inform them that minor child was missing from campus. Additionally, minor child's sibling was employed by Defendant Klein ISD at the time of this event, and when that sibling approached campus, they were informed that the student had "taken off" and "was about to be arrested again". Minor child's sibling then went looking for minor child as Defendants were not.

33.     When Plaintiff arrived at campus, she requested to see video of the alleged offense, or an adult statement in which minor child is identified. Plaintiff was told that did not exist nor was it needed. Plaintiff was then advised that she knows her rights, but that Defendants are moving forward with placing minor child in an alternative education setting. That afternoon, the same administration called Plaintiff and advised her that minor child was suspended from campus for the following three days, resulting in more class missed and even more education being provided to the student.

34.     Minor child remains withheld from the placement designated in its IEP and BIP, to this day.

## CAUSES OF ACTION

### A. Failure to provide specially designed instruction

35.     Minor student is clearly defined and labeled as a student with special education needs and is therefore protected from Defendants conduct as it relates, in the classroom, and in reporting to law enforcement.

36.     Defendants clearly failed to implement the minor child's IEP and BIP, State and Federal

Laws.

**B.  Breach of Contract**

37.  On October 13, 2020, Defendants entered into a contract with Plaintiff requiring certain services and accommodations be met. Defendants failed to implement these services and accommodations as agreed to in Exhibit A, repeatedly and continuously as described above.

38.  Defendants failure to abide by their contract as Exhibit A has resulted in undue medical and legal expenses required of Plaintiff and minor child.

39.  Defendants failure to abide by their contract as Exhibit A has resulted in intentionally inflicted emotional duress of Plaintiff and minor child.

40.  The contract is a valid, binding and enforceable at the time of Defendants' breach.

41.  Defendants receive government funding to ensure the contract as Exhibit A is enforced.

42.  Defendants failure to abide by their contract as Exhibit A has resulted in undue relocation expenses to Plaintiff and minor child due to the Defendants' misrepresentation of themselves and the environment in which they advertise to take into account "EVERY" student's individual needs.

43.  Defendants failure to abide by their contract as Exhibit A has resulted in lost wages and other financial hardships.

44.  Defendants failure to abide by their contract as Exhibit A has resulted in a decline in minor child's mental and physical well-being.

45.  Plaintiff is entitled to recover interest for the expenses at the maximum interest rate permitted by law.

46.  Defendants' failure to timely remedy situation involving minor child has caused Plaintiff to incur filing fees.  Plaintiff is expected to incur substantial attorneys' fees to litigate this action. Plaintiff is entitled to recover filing fees and any incurred attorneys' fees.

## C. Fraud

47.     On April 1, 2021 Defendant Ashmore provided an official signed statement detailing this incident on page 22 of Exhibit B.

48.     On April 1, 2021 Mr. Lyon's, co-teacher and employee of Defendant Klein ISD provided a written and signed statement regarding this event which states he was able to determine details about the disagreement from the other side of the classroom on page 20 of Exhibit B.

49.     On April 1, 2021 Ms. Briggs, assistant principal and employee of Defendant Klein ISD provided a written and signed statement regarding Defendant Ashmore's statement of and immediately following this incident, also on page 20 of Exhibit B.

50.     Also on April 1, 2021 Plaintiff expressed to Assistant Principal Holman her concerns about measures of the IEP and BIP that were not taken.

51.     Then on April 5, 2021 Defendant Ashmore provided an additional statement during an unannounced and unshared teacher interview, which implies the exact concerns Plaintiff presented to Assistant Principal Holman previously, page 1 of Exhibit B.

52.     This interview not only fraudulently misrepresents Defendant Ashmore's actions contrary to the other staff, student, and even her very own statements, it violates any and every protection in place for minor child.

53.     Plaintiff alleges that Defendants altered or coached Defendant Ashmore in such statements.

## D. Failure to provide a Free Appropriate Public Education ("FAPE")

54.     Under the IDEA, a free appropriate public education ("FAPE") consists of special education and related services that encompass instruction tailored to meet a child's unique needs and sufficient supporting services to permit the child to benefit from the instruction. An individualized education program, ("IEP") serves as the primary vehicle for providing a child with

12

the promised FAPE. The IEP spells out a personalized plan to meet all of the child's educational needs and documents the child's current levels of academic achievement, specifies measurable annual goas for how the child can make progress in the general education curriculum, and lists the special education and related services to be provided so that the child can advance appropriately toward those goals.

55.     Defendants' continued exclusion of minor child from minor child's designated classroom placement violates the Child Find Act and the Every Student Succeeds Act (ESSA) in addition to the acts in ¶ 1 and has denied minor child its required FAPE. Minor child has been removed from their agreed placement since April 5, 2021, a far excess in the 10 days that is allowed by the TEA. Even if Defendants wish to imply that the students excused absences from April 6, 2021 to April 14, 2021 are an exclusion to the 10 day rule; the student was admitted to a treatment facility during that time, due to and as a direct and substantial result of Defendants actions. Exclusion of these dates from Defendants violations still results in a period of FAPE denial from April 15, 2021 to current.

56.     In the student's most recent Report of Student's Progress Toward IEP Goals dated March 26, 2021; the evaluator also employed by Defendant Klein ISD found that minor child is progressing sufficiently for student to achieve ALL IEP goals by the next annual ARD date in every goal listed in the students' IEP except for one.

57.     The sole goal in which minor child was not on target to meet this school year was the counseling goal. In the student's IEP student is given registered school counseling services for a period of 30 minutes every two weeks in order to establish relationship and rapport with an adult on the campus level. Not only did Defendants fail to provide this service to the student but it did so continuously.

58.     Defendants' continued failure is unacceptable and Defendants MUST be held accountable.

**E.   Defendants violated minor child's Fourth & Fourteenth Amendment Rights**

**False Arrest**

59.     Defendants deprived minor child's Fourth Amendment right to be free from false arrest by failing to provide minor child's identification and records as required. In doing so Defendants not only violated minor child's civil rights, they lacked probable cause to arrest minor child.

60.     By providing incomplete and inaccurate information to the Harris County District Attorney's office, Defendants falsely and maliciously reported a crime without probable cause. Plaintiff and minor child have incurred expenses and duress because of Defendants' false reporting.

61.     Before and at the time of the false arrest as aforesaid, minor child had a good reputation and name in the community and among friends and acquaintances. Minor child suffered and continues to suffer humiliation, nervous shock, loss of sleep, mental anguish, and was placed in contempt and derision among minor child's friends and acquaintances, and minor child's reputation for honesty has been impaired. Minor child was transported in a police conveyance, under guard, to Defendant Klein ISD's police department in Spring, Texas. Minor child was photographed so as to provide the police of this community and of the federal government with photographs identifying minor child as a person accused of a crime. Minor child's fingerprints were taken and cataloged with those persons accused and convicted of crime in this community and similarly cataloged and classified by federal law enforcement agencies.

62.     The fact of minor child's arrest has become known amongst friends and acquaintances and the public knowledge of said fact will inescapably become known in the future on account of Defendants' said malicious and unjustified accusations.

14

63.     By failing to identify minor child to law enforcement, Defendants denied minor child due process, and equal protections. Defendants continued violations must be stopped immediately for the greater good of the community, Plaintiff and minor child. Defendants should be held accountable for the seriousness of their failures to prevent future damages to the community, Plaintiff and minor children.

64.     Under the Fourth Amendment probable cause is a requirement that must be met before police make an arrest, conduct a search, or receive a warrant. By excluding the student's special education status and records Defendants' prohibited probable cause from being informatively determined without all the facts.

65.     Defendants' continue to violate minor child's rights since the MDR meeting which determined that the student's behavior was a manifestation and that his IEP and BIP were not being followed, by continuing to fail to provide the court or law enforcement with this record, or any special education records of minor child.

**Requirement of Culpability**

66.     Minor child is due the provisions of the Penal Code as all others. Sec. 6.02 of Title II, Chapter 6 states, "a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the offense requires" and "a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

67.     Had Defendants properly submitted records and identified minor child, Plaintiff and minor child would not be filing suit.

68.     Had Defendants addressed Plaintiff's concerns and warnings regarding their requirement to properly identify and supply law enforcement with disciplinary and educational records of minor

child, Plaintiff would not be filing suit on behalf of minor child.

**Failure to inform Law Enforcement**

69.     Due to Defendants' failure to properly inform law enforcement Plaintiff and minor child have and expect to continue to incur hardships and burdens, emotionally, physically and financially.

70.     It is a crime to submit statements to Law Enforcement that are false, as Defendants have done in their actions.

71.     In the information submitted to the District Attorney's office in order for them to determine whether to pursue charges against the student, no information identifying the student as a special education student nor records required were submitted by Defendants, as required. In failing to provide these records during reporting, Defendants prohibited probable cause. There is no justice in lying or defrauding the court system, even and especially regarding a minor child.

72.     34 CFR §99.38 states, (a)"If reporting or disclosure allowed by State statute concerns the juvenile justice system and the system's ability to effectively serve, **prior** to adjudication, the student whose records are released, an educational agency or institution may disclose education records under 34 CFR §99.31(a)(5)(i)(B)".

**Failure to Train**

73.     Defendant Klein ISD has a duty to train their employees and officials to follow state and federal laws, including special education protection laws. Defendant Klein ISD not only failed to uphold this duty, it failed to implement protections of minor student continuously by and through Defendant Klein ISD PD and Defendant Ashmore.

74.     Defendant Klein ISD has failed to use ordinary care in the supervising, retaining, monitoring, or training of Defendant Ashmore as an employee.

16

75.     Defendant Klein ISD has failed to use ordinary care in the supervising, retaining, monitoring, or training of Defendant Klein ISD PD as it's appointed and maintained law enforcement agency.

76.     Defendant Klein ISD entered into an IEP agreement assuring that it's staff would be properly advised and trained in regards to minor student's disability, accommodations and de-escalation precautions. As proven, they failed to do so, or even train their staff on federal law requirements. Additionally, Defendants failed to intervene and make corrective action. Their failures are a primary cause of Plaintiff's claims.

## **CONDITIONS PRECEDENT**

77.     All necessary conditions precedent have been performed or have occurred to entitle Plaintiff to the relief it seeks.

## **PRAYER**

Plaintiff and minor child respectfully requests Defendants be cited to appear and answer and that upon final trial by jury, this Court order the following relief to Plaintiff and minor child:

a.     Judgment against Defendant for actual damages;

b.     Judgment against Defendant for reasonable and necessary filing fees and attorney's fees for mediations, trial and if necessary, for appeal;

c.     Judgment against Defendant for costs of Court;

d.     Judgment against Defendant for pre-judgment and post-judgment interest at the highest rate allowed by law;

e.     Judgment against Defendants for falsely and maliciously reporting a crime;

f.     Judgment against Defendants preventing further retaliation and discrimination against Plaintiff and minor child; and for

g.     Such other and further relief, general and special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Dated: May 17, 2021                    [signature on following page]

Respectfully submitted,

AUDREY BRIDGES, *pro se*
7423 Theisswood Road
Spring, Texas 77379
audbridges@hotmail.com
Phone: (832) 689-9866

18